# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### JASPER DIVISION

| | |
|---|---|
| **JOE W. MCGOWAN, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 6:09-CV-88-VEH** |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner of Social** | ) |
| **Security,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

Joe W. McGowan, Jr. ("Mr. McGowan") commenced this action on January 22, 2009, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ") and thereby denying his claim for a period of disability, disability insurance, and supplemental security income benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be **AFFIRMED**.

## STANDARD OF REVIEW

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v.*

*Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

## FACTUAL AND PROCEDURAL HISTORY

Mr. McGowan alleged that his disability period began on August 1, 2005. (Tr. 13). He was 30 years of age on that date. (Tr. 21). He alleged an inability to work due to anxiety, depression, lumbar disc disease, fibromyalgia, hypertension, difficulty controlling blood sugar, and post traumatic stress disorder. (Tr. 15). Mr. McGowan's past gainful work experiences include jobs as a truck driver and construction laborer. (Tr. 89-90, 104, 113).

Mr. McGowan filed two applications for benefits on January 4, 2006. (Tr. 71-87). His claims were denied initially on March 3, 2006. (Tr. 13). On March 6, 2006, he filed a request for a hearing before an ALJ. (Tr. 16).

A hearing before the ALJ was held on October 2, 2007. (Tr. 33). The ALJ concluded Mr. McGowan was not disabled as defined by the Social Security Act and denied his applications for benefits. (Tr. 10-26). Mr. McGowan subsequently filed a timely request for review with the Appeals Council. (Tr. 8-9). On November 10, 2008, it denied review, which resulted in the ALJ's decision being the final decision of the Commissioner. (Tr. 1-5).

On January 22, 2009, Mr. McGowan filed his complaint with this court asking

for review of the ALJ's decision.  (Doc. 1).  The matter is ripe for review.

## STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish his entitlement for a period of disability, the claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.  The Regulations define "disabled" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months."  20 C.F.R. § 404.1505(a).  To establish an entitlement to disability benefits, a claimant must provide evidence of a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques."  20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled.  20 C.F.R. § 404.1520(a)(4)(i-v).  The Commissioner must determine in sequence:

(1)     whether the claimant is currently employed;

(2)     whether the claimant has a severe impairment;

(3)     whether the claimant's impairment meets or equals an impairment listed

by the Secretary;

(4)    whether the claimant can perform her past work; and

(5)    whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to former applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel,* 189 F.3d 561 (7th Cir. 1999); *accord, McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied steps one and two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord*, *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. *Foote*, 67 F.3d at 1559.

## FINDINGS OF THE ADMINISTRATIVE LAW JUDGE

The ALJ found that Mr. McGowan had not engaged in substantial gainful activity since the onset of his alleged disability on August 1, 2005. (Tr. 15). Thus, Mr. McGowan satisfied step one of the five-step test. 20 C.F.R. § 404.1520(b).

Under step two, the ALJ determined that "[t]he claimant has the following severe impairments: anxiety, depression, lumbar disc disease, and fibrolyalgia. (Tr. 15 (citations omitted)). Accordingly, the ALJ concluded that Mr. McGowan satisfied the second step of the sequential disability evaluative process. 20 C.F.R. § 404.1520(c).

At step three, the ALJ determined that Mr. McGowan did not have an impairment or a group of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 18). Specifically, the ALJ concluded that Mr. McGowan did not meet the listing requirement for a mental impairment under Listings 12.04 or 12.06. Mr. McGowan does not challenge that finding on appeal.

The ALJ evaluated Mr. McGowan's residual functional capacity [1] ("RFC") at step four, and found that Mr. McGowan had the ability

> to perform light work with no work at unprotected heights, around dangerous moving unguarded machinery, no climbing of ladders, ropes and scaffolding and no overhead reaching with the left upper extremity. In addition, the claimant is restricted from work involving dealing with the public and should have only occasional contact with supervisors and coworkers. These limitations flow from a moderate psychiatric impairment consisting of anxiety and depression and a moderate

---

[1] "Residual function capacity is the most [one] can still do despite [one's] limitations." 20 C.F.R. § 404.1545(a)(1).

impairment in activities of daily living, in social functioning and in concentration, persistence and pace.

(Tr. 16).  The ALJ then determined that Mr. McGowan was unable to perform his past work.  (Tr. 20-21).

The ALJ considered Mr. McGowan's RFC at step five and, relying upon testimony from a vocational expert, the ALJ concluded that Mr. McGowan could perform jobs "such as packing line worker . . . assembler of small parts . . . and inspector of products."  (Tr. 21).  The ALJ found that a significant amount of these positions existed in the national economy.  (Tr. 21).

Based on the foregoing, the ALJ concluded Mr. McGowan was not disabled as defined by the Social Security Act, at any time from August 1, 2005, through December 3, 2007, the date of the ALJ's decision.  (Tr. 22).

## ANALYSIS

Mr. McGowan contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with proper legal standards.  Specifically, Mr. McGowan asserts that: (1) the ALJ erred as a matter of law by rejecting the opinions of two of Mr. McGowan's treating physicians, Dr. Terry Bentley and Dr. Bryan DeWees; (2) the RFC finding is not supported by substantial evidence nor is it in accordance with correct legal standards; and (3) the ALJ committed error by

improperly rejecting Mr. McGowan's subjective complaints of pain.  (McGowan's Brief, doc. 9, pp. 8-16).  Each argument will be addressed in turn.

**I.     The ALJ did not commit reversible error by affording "little weight" to the opinions of treating physicians Dr. Bentley and Dr. DeWees.**

"A treating physician is a doctor to whom the claimant has been going for treatment on a continuing basis.  The claimant may have more than one treating physician."  20 C.F.R. § 220.46(d).  The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary."  *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (internal citations omitted).  Good cause exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records."  *Id*.  The ALJ noted in his written decision that Mr. McGowan was treated by "a total of 22 doctors" in the time relevant to his application for benefits.  (Tr. 17).  This court's review of the record reveals that many of those doctors are "treating physicians."

Mr. McGowan argues that the ALJ committed error by giving little weight to the opinions of Dr. Bentley and Dr. DeWees as opposed to the greater weight the ALJ afforded the opinion offered by Dr. Charles W. Nolan.  One flaw in Mr. McGowan's

argument is that Drs. Bentley, DeWees, and Nolan are all "treating physicians." Mr. McGowan has not cited, and this court is unaware of, a case holding that one treating physician's opinion is entitled to greater or lesser weight than another's. Such an argument is seemingly contrary to the controlling law of *Phillips*, *supra*, that treating physicians' opinions must be given substantial or considerable weight absent a showing of good cause. *See* 357 F.3d at 1240-41. Stated another way, the opinions of treating physicians Drs. Bentley, DeWees, and Nolan are each entitled to substantial or considerable weight unless good cause is shown to the contrary. *Id.*

Consistent with *Phillips*, the ALJ found good cause on the record to afford little weight to the opinions of Dr. Bentley and Dr. DeWees. The ALJ noted that Dr. Nolan concluded that Mr. McGowan could work with certain limitations, and the ALJ found that the medical records as a whole supported that conclusion. (Tr. 20). To the contrary, Dr. Bentley and Dr. DeWees opined that Mr. McGowan was unable to work due to disability. (Tr. 20). The ALJ found their opinions to be conclusory, inconsistent with findings within the medical records provided by those physicians, and against the weight of the medical evidence as a whole. (Tr. 20). An ALJ is not required to accept a conclusory statement from a medical source — even a treating source — that a claimant is unable to work, because the decision whether a claimant is disabled is not a medical opinion, but is a decision "reserved to the Commissioner."

20 C.F.R. § 416.927(e).  This court finds that the ALJ has adequately stated good cause for giving little weight to the opinions of Dr. Bentley and Dr. DeWees.  *See Phillips*, 357 F.3d at 1240-41.

Also, Mr. McGowan's argument on this point appears to be an attempt to have this court examine the medical evidence *de novo*.  Such an undertaking is beyond this court's purview on appeal.  It is outside this court's authority to "decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner."  *Wolfe v. Chater*, 86 F.3d 1072, 1076 (11th Cir. 1996).  Insofar as the weight of the evidence is concerned, this court is limited to ensuring that the ALJ's conclusions were based on substantial evidence.  *See Lamb*, 847 F.2d at 701.  Substantial evidence is "more than a scintilla, but less than a preponderance."  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  In the present case, the ALJ's reliance on Dr. Nolan's opinion was not improper in that the conclusions reached by the ALJ based upon that treating physician's opinions are based on substantial evidence.

9

**II.     The ALJ's RFC finding is based on substantial evidence and is in accordance with appropriate legal standards.**

Mr. McGowan argues that the ALJ erred when determining the claimant's RFC by rejecting certain treating physicians' opinions and by "interpreting raw medical data." (Doc. 9, pp. 11-12).  Mr. McGowan's first argument is discussed above and need not be revisited at length.  When determining Mr. McGowan's RFC, the ALJ opined that he was giving "considerable weight" to the medical opinions of Mr. McGowan's treating physician,  Dr. Nolan, and Mr. McGowan's treating chiropractor, Dr. Gary Rudolph, M.D.  (Tr. 20). He afforded "little weight" to the opinions of treating physicians Dr. Bentley and Dr. Christopher T. Fetter, and the ALJ stated adequate reasons for doing so.  *See Phillips*, 357 F.3d at 1240-41.  (Tr. 20). The ALJ "considered" the opinions of treating physicians Dr. Gregory L. James and Dr. DeWees, but he found their opinions to be inconsistent with a preponderance of the evidence as a whole.  *Id.*  (Tr. 20).  The ALJ's credibility findings with respect to the weight he assigned the opinions of Drs. Bentley, Fetter, James, and DeWees is consistent with the standards set out in *Phillips*, *supra*, and, upon this court's review of the record, is based on substantial evidence.

Mr. McGowan essentially argues that the ALJ should have given greater weight to the opinions of Drs. Bentley, Fetter, James, and DeWees because those

opinions are more favorable to his position.   In other words, Mr. McGowan's argument is a request that this court regard the medical evidence as a whole, re-weigh it, and reach a different conclusion than that reached by the ALJ.   As previously discussed, such a course is improper for this court.

Insofar as Mr. McGowan argues that the ALJ's RFC determination is based on the ALJ's own interpretation of "raw medical data," that argument is without support in the record.   The RFC determination was based, in large part, on the opinions of Mr. McGowan's treating physicians, most notably Dr. Nolan, and not on the ALJ's analysis of "raw medical data."

## III.   The ALJ did not err by discrediting Mr. McGowan's subjective complaints of pain.

To demonstrate that pain renders a claimant disabled, that claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F. 2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)).   "After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence."

11

*Marbury v. Sullivan,* 957 F.2d 837, 839 (11th Cir. 1992) (citing *Wilson v. Heckler*, 734 F.2d 513, 517 (11th Cir. 1984)).  If an ALJ discredits subjective testimony on pain, "he must articulate explicit and adequate reasons."  *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)).

The ALJ in the present case properly applied those legal principles and stated his reasons for discrediting Mr. McGowan's testimony on pain.  As noted above, the ALJ found that Mr. McGowan suffered from severe impairments, including anxiety, depression, lumbar disc disease, and fibrolyalgia.  The ALJ concluded that, while Mr. McGowan's impairments could reasonably be expected to produce the pain symptoms he alleged, his statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely credible as they were not supported by the bulk of the evidence of record.  (Tr. 17-20).  Specifically, the ALJ noted that, while Mr. McGowan testified to being in a great deal of pain at the hearing, there was scant evidence from the "numerous examinations" of Mr. McGowan by various treating physicians and chiropractors to support Mr. McGowan's "allegations of disabling symptoms." (Tr. 18-19).  The ALJ discussed that Mr. McGowan was prescribed pain medication to manage his symptoms of pain.  (*Id.*).  The ALJ further noted that Mr. McGowan's testimony regarding his level of pain was inconsistent with his daily

activities of yard work, attending to personal needs, listening to the radio, watching television, cooking, performing light housework, loading and unloading groceries, and driving. (Tr. 19-20). The ALJ's decision to discredit Mr. McGowan's subjective testimony on pain follows proper legal standards and, upon the court's review of the record, is based on substantial evidence. Accordingly, the ALJ did not commit reversible error when discrediting Mr. McGowan's testimony on pain.

## CONCLUSION

Based upon the court's evaluation of the evidence in the record and the submissions of the parties, the court finds that the Commissioner's final decision is supported by substantial evidence and is in accordance with correct legal standards. As such, the decision of the Commissioner will be **AFFIRMED** by separate order.

**DONE** this the 18th day of March, 2010.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

13